Supreme Court, Queens Special Term, July, 1899. Unreported.

In the Matter of the Application of Annie Flanagan to Revoke the Liquor Tax Certificate of James Harris.

Garretson, J.: The respondent must be held to the statements made by him in his application for the liquor tax certificate particularly as to the situation of the premises and the specific location of the bar, or place thereon, where liquor was intended to be sold. Reading these in the light of the testimony the conclusion is irresistible, that when he verified the application and obtained the consents, it was his purpose to conduct the business in the front room, ground floor, of the dwelling house. That the

removal of the small addition from the dwelling house to the rear of the lot was an after-thought and was done to avoid the effect of his inability to secure the consents of two-thirds of the owners within the limit of two hundred feet from the principal entrance to the dwelling house, is clearly inferable from the testimony. The small building on the rear of the lot, considering its location, entrance and general character does not correspond in any particular to the statements made in the application. The liquor tax certificate issued to him therefore authorized the trafficking in liquors in the front room of the dwelling house only.

Within the distance of two hundred feet from this dwelling house there were nine other buildings occupied exclusively as dwellings, as to which the respondent has obtained the consents of but five of the owners, viz: Roach, O'Reilly, Sutcliffe and Ann Harris. Ellen Kelly's house is without the limit of distance and the consent of F. C. Norton can not be regarded. He was the owner and lessor of the premises where the business of trafficking in liquors was intended to be carried on, and his consent to such use is attached to the application. The consent of Ann Harris has been taken as one proper to be obtained and given although its validity is not free from question. The only satisfactory evidence of ownership of the property as to which she consents as owner is a deed which vests the title in her and the respondent, as wife and husband and as tenants of the entirety. The validity of this consent having been challenged upon the hearing it should have been sustained by better evidence than oral testimony that the respondent had shortly prior to the time of filing his application conveyed his interest in the property to his wife. Besides, the respondent and his wife reside upon this property, which adjoins the premises where the business was intended to be carried on.

The prayer of the petition that the liquor tax certificate issued to the respondent be revoked and cancelled for false statements in the application made by him therefore in respect to having obtained the consents of two-thirds of the owners of the buildings occupied exclusively as dwellings, the nearest entrance to which is within two hundred feet, measured in a straight line of the nearest entrance to the premises where the traffic in liquors was intended to be carried on, is granted, with thirty dollars costs, besides disbursements.